# CV12 - 409

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 3 0 2012 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

             Plaintiff,   **FEUERSTEIN, J**  **COMPLAINT**
                                             **JURY TRIAL DEMANDED**

      v.           **LINDSAY, M.J.**  12-CV-XXXXX (XXX)(XXX)
                                             **ECF CASE**

SUFFOLK LAUNDRY SERVICES, INC.,

             Defendant.            **SUMMONS ISSUED**

-------------------------------------------------------------------------X

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and retaliation. This action seeks to provide appropriate relief to Marlyn Gonzalez, Rosa Guevara-Martinez, Marina Vilorio, Xiomara Veliz-Amaya, Mirian Velasquez, Azucena Castillo, Maria del Carmen Amaya (collectively "Charging Parties"), and a class of other similarly situated female laundry workers (Charging Parties and other class members are collectively referred to as "Claimants") who were adversely affected by such unlawful practices.

As alleged with greater specificity below, Defendant Suffolk Laundry Services, Inc. engaged in sex discrimination against Claimants by creating and maintaining a sexually hostile work environment due to sexual harassment by a supervisor. In addition, Defendant retaliated against Claimants after they objected to the harassment, filed EEOC charges, or participated in the EEOC investigation, by unlawfully terminating them or altering the terms, conditions, or privileges of their employment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 4451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Ave of 1991, 42 U.S.C. § 1981a.

2.  The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.  Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been a corporation under the laws of New York State with at least 15 employees doing business in Suffolk County, New York and having its principal place of business located at 529 County Road 39, Southampton, New York, 11968.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than 30 days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII.  All conditions precedent to this institution of this lawsuit have been fulfilled.

7.  Since at least January 2008 and continuing through the present, Defendant engaged in unlawful employment practices at its Southampton laundry facility in violation of Sections 703, 704, and 706 of Title VII, 42 U.S.C. §§ 2000e-3, 2000e-4, and 2000e-5.  These unlawful practices include, but are not limited to the following:

    a.  Defendant engaged in sex discrimination by creating and maintaining a hostile work environment for Claimants because of their sex (female);

    b.  Defendant, through its general manager, Rajindra Singh, engaged in and continues to engage in severe or pervasive sexual harassment of the Claimants on the basis of sex (female);

    c.  The sexually hostile work environment includes, but is not limited to the following conduct:

        i.  On a regular basis, Singh inappropriately touched Claimants on their faces, backs, hips, shoulders and arms;

        ii.  On a regular basis, Singh sexually harassed Claimants by conditioning requests for machine repair or time off by asking that they kiss him or sit in his lap;

        iii.  Singh engaged in verbal sexual harassment by making sexual comments such as pointing to Claimants' buttocks and saying "nice"; referring to Claimants as "mi amor"; asking them out on dates; praising Claimants'

3

appearances and body parts; and/or making suggestive gestures such as licking or biting his lips.

   iv.  Singh touched some Claimants on their buttocks; forcibly kissed them; and forcibly held their hands;

   v.  Singh ran his hand up one Charging Party's leg to her groin while commenting that he wanted to "touch [her] pussy";

   vi.  Before deciding whether to grant one Charging Party complaining of chest pain permission to go home sick, Singh asked if he could put his head on her chest.

   vii.  Singh left one Charging Party written notes sexual in nature near her work station.

d.  Defendant knew or should have known about the sexually hostile work environment, yet failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

e.  Defendant retaliated against Claimants after they opposed the harassment, filed charges of discrimination, or participated in the EEOC investigation in various ways, including but not limited to:

   i.  Terminating Claimants' employment;

   ii.  Reducing Claimants' work hours;

   iii.  Altering Claimants' working conditions by assigning them to harder jobs, increasing production quotas, and refusing to train them to perform newly assigned duties;

4

        iv.  Requiring Charging Parties to speak with the owners in their private home and criticizing them for filing the charges; and

        v.  Subjecting Claimants to sexually offensive cartoons posted in the workplace.

8.  The effect of the practices complained of above has and continues to deprive the Claimants of equal employment opportunities and otherwise adversely affects their status as employees because of their sex (female).

9.  The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are done with malice or reckless indifference to the federally protected rights of Claimants.

## REQUEST FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction that enjoins Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexually harassing conduct and other employment practices which discriminate on the basis of sex.

B.  Grant a permanent injunction that enjoins Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees who oppose sexual harassment or any employment practices which discriminate on the basis of sex.

C.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which seek to eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Claimants whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain and suffering, embarrassment, inconvenience, humiliation, loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant to pay Claimants punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by this Complaint.

Dated: January 30, 2012
      New York, NY

                                    Respectfully submitted,

                                    P. David Lopez
                                    General Counsel

                                    James L. Lee
                                    Deputy General Counsel

                                    Gwendolyn Young Reams
                                    Associate General Counsel

                                    EQUAL EMPLOYMENT OPPORTUNITY
                                    COMMISSION
                                    131 M Street, NE
                                    Washington, D.C. 20507

                                    Elizabeth Grossman
                                    Regional Attorney
                                    elizabeth.grossman@eeoc.gov

                                    Nora E. Curtin
                                    Supervisory Trial Attorney
                                    nora.curtin@eeoc.gov

                                    Ami T. Sanghvi
                                    Trial Attorney
                                    ami.sanghvi@eeoc.gov

                                    Adela Santos
                                    Trial Attorney
                                    adela.santos@eeoc.gov

                                    New York District Office
                                    33 Whitehall Street, 5th Floor
                                    New York, NY 10004
                                    Tel: (212) 336-3672
                                    Fax: (212) 336-3623

7